**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> JASON HAROLD FERGUSON, <br><br> Defendant. | No. CR06-3019-MWB <br><br> **DETENTION ORDER** |

_____

This matter came on for hearing on May 30, 2006, pursuant to 18 U.S.C. § 3142(f), to determine whether the Government was entitled to a detention hearing. Assistant U.S. Attorney Shawn Wehde appeared on behalf of the plaintiff (the "Government"). The defendant Jason Harold Ferguson appeared in person with his attorney, Matthew Metzgar. The Government offered the testimony of ATF Agent Todd Monney.

Ferguson, a convicted felon, is charged with unlawful possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1), 922(g)(9), and 924(a)(2). Agent Monney testified Ferguson was arrested on an outstanding warrant from Hamilton County, Iowa. At the time of his arrest, Ferguson was found in possession of a .44 caliber handgun and ammunition. Ferguson made post-*Miranda* statements to officers admitting he had purchased the gun, and further admitting he had stabbed an individual who made him angry. The gun possession incident occurred while Ferguson was on parole from a prior State felony conviction.

This evidence indicates a risk that Ferguson will obstruct or attempt to obstruct justice. Accordingly, the court held a detention hearing pursuant to 18 U.S.C. § 3142(f)(2), to determine whether any condition or combination of conditions of release

would reasonably assure the appearance of Ferguson as required and the safety of any other person and the community.

Agent Monney also testified Ferguson told officers he uses about one-quarter ounce of methamphetamine per day. He admitted he manufactures methamphetamine, and what he does not use himself, he sells. In addition, Ferguson's criminal history contains numerous prior felony convictions, and evidences Ferguson's inability to comply with the law, or with conditions of probation or parole.

On these facts, the court finds there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community, and therefore orders as follows:

1. Ferguson is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Attorney General shall afford Ferguson reasonable opportunity for private consultation with counsel while detained.

3. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver Ferguson to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. If a "review" motion for revocation or amendment is filed, pursuant to 28 U.S.C. § 3145(a) or (b), the party requesting a change in the original order *must*:

    (a)    Attach a copy of the release/detention order to the appeal;

    (b)    Promptly secure a transcript.

5. There is *no automatic stay* of this Order. Therefore, Ferguson must request such relief from the court.

**IT IS SO ORDERED.**

**DATED** this 30th day of May, 2006.

_____
PAUL A. ZOSS
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT